Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| El Pueblo de Puerto Rico Recurrido vs. Erick R. Santana Peticionario | KLCE202400844 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez |
| --- | --- | --- |
| | | Crim. Núm.: ISCR201600295 ISCR201600296 |
| | | Sobre: Art. 404 S.C., Art. 412 recal. Art. 404 S.C. |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

Comparece el Sr. Erick R. Santana (Sr. Santana o peticionario) mediante recurso de *Certiorari* y solicita la revisión de la "Resolución" emitida el 25 de junio de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario).  Mediante dicho dictamen el TPI ordenó el archivo del caso ante incomparecencia del peticionario y de su representación legal a una Vista Argumentativa.

Mediante "Resolución" emitida el 19 de agosto de 2024, concedimos a la Oficina del Procurador General un término a vencer el martes 9 de septiembre de 2024 para que sometiera su alegato en oposición.  No obstante, dicha parte no presentó el mismo, según le fuera ordenado.  Así las cosas, transcurrido en exceso el término concedido para presentar el alegato en oposición, procedemos a resolver según advertido.

---

[1] Notificada el 2 de julio de 2024.

Número Identificador

SEN2024 _____

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el auto de *Certiorari* por los fundamentos que expondremos a continuación.

## I.

Como resultado de una alegación preacordada, el Sr. Santana se declaró culpable el 29 de marzo de 2018 de una infracción al Art. 404 (a) de la Ley de Sustancias Controladas de Puerto Rico, 24 LPRA sec. 2404, y una infracción al Art. 412 de la Ley de Sustancias Controladas de Puerto Rico, 24 LPRA sec. 2412. Posteriormente, fue sentenciado el 5 de abril de 2018 según las disposiciones del Art. 404 (c) de la Ley de Sustancias Controladas de Puerto Rico, *supra*. Años después, el 26 de febrero de 2024, el Sr. Santana presentó ante el foro primario una "Moción Solicitando se Deje sin Efecto Resolución al Amparo de las Reglas 72 Y 192.1 de Procedimiento Criminal, Según Enmendadas, la Constitución del Estado Libre Asociado de Puerto Rico, la Constitución de los Estados Unidos, y en la Alternativa de Coram Nobis". En su escrito, el peticionario argumentó que procedía dejar sin efecto su condena, toda vez que el Tribunal de Primera Instancia incumplió con su deber estatutario de efectuar la advertencia relacionada al efecto adverso que pudiera tener la aceptación de una alegación preacordada sobre el estatus migratorio de un imputado, según establece el séptimo inciso de la Regla 72 de Procedimiento Criminal, 34 LPRA Ap. II, R. 72.[2]

Así las cosas, el 22 de abril de 2024, compareció el Ministerio Público mediante "Moción en Oposición a que se Deje sin Efecto Resolución". En ésta, argumentó que el Sr. Santana

---

[2] La precitada regla advierte lo siguiente: "Si usted no es ciudadano de los Estados Unidos, se le advierte que una convicción por el delito por el cual se le acusa puede traer como consecuencia la deportación, la exclusión de admisión a los Estados Unidos o la denegación de naturalización conforme a las leyes de los Estados Unidos."

leyó, inició y firmó el documento titulado "Alegación de Culpabilidad" el cual contiene la misma advertencia de la Regla 72 de Procedimiento Criminal. *Íd.* Asimismo, señaló que surge del expediente que el Sr. Santana fue informado por su representación legal de las consecuencias adversas que el proceso pudiera acarrear sobre su estatus migratorio debido a que el peticionario no es ciudadano estadounidense. Concluyó el Ministerio Público, puntualizando que la Juez a cargo de los procedimientos cumplió con su deber de cerciorarse que la alegación de culpabilidad fuera una libre, voluntaria e inteligente.

El 30 de abril de 2024, el Sr. Santana presentó "Réplica a Moción en Oposición a que se Deje sin Efecto Resolución" en la cual arguyó que el Tribunal incumplió con una exigencia de ley, la cual no puede ser sustituida por ninguna de las actuaciones citadas por el Ministerio Público en su escrito. Así las cosas, el 6 de mayo de 2024, el TPI emitió una "Resolución" señalando Vista Argumentativa para el 10 de mayo de 2024. No obstante, la Lcda. María del Rosario García Miranda (Lcda. García Miranda), actual representación legal del Sr. Santana, le notificó al foro primario mediante "Moción Solicitando Transferencia de Vista [sic] Debido a Conflicto en Calendario" que no estaría disponible en la fecha citada debido a otro señalamiento. En consecuencia, proveyó tres fechas alternas para la celebración de la vista, a saber: 23 de mayo de 2024, 3 de junio de 2024 y 24 de junio de 2024.

Posteriormente, el TPI celebró una vista el 25 de junio de 2024. Comunicó en corte abierta que, luego de considerar la "Moción Solicitando Transferencia de Vista [sic] Debido a Conflicto en Calendario", emitió una "Orden" el 9 de mayo de 2024 reseñalando la Vista Argumentativa para el 25 de junio de 2024. El foro primario añadió que, aunque dicha "Orden" le fue notificada a la Lcda. García Miranda, ni la Lcda. García Miranda ni

su representado se encontraban presentes en sala. El TPI expresó que su intención era convertir la Vista Argumentativa en una Vista Evidenciaria por entender que era lo procedente luego de estudiarse el caso.[3] Sin embargo, ante la incomparecencia de la Lcda. García Miranda y el Sr. Santana, el TPI ordenó el archivo del caso.

En respuesta, el 3 de julio de 2024, el Sr. Santana, por conducto de la Lcda. García Miranda, presentó "Moción Solicitando Reconsideración a Resolución Decretando el Archivo del Caso ante Incidente del 25 de junio de 2024 y en Solicitud de que se Señale Vista Evidenciaría en el Caso de Autos". En su escrito, el peticionario argumentó que su abogada nunca fue notificada de la "Orden" del 9 de mayo de 2024, y que la primera vez que advino en conocimiento del reseñalamiento de la Vista Argumentativa fue en la "Resolución" del 2 de julio de 2024 mediante la cual fue archivado el caso. Para sustentar su argumento, presentó una "Declaración Jurada" en la cual la Lcda. García Miranda declaró que nunca recibió una notificación por correo electrónico sobre la emisión de la "Orden" del 9 de mayo de 2024, y aunque lamenta su incomparecencia, el 25 de junio de 2024 se encontraba atendiendo otro caso en la Corte de Inmigración en Guaynabo, PR. El Sr. Santana, a su vez, solicitó respetuosamente que se otorgue un nuevo señalamiento para la Vista Argumentativa, ya que es su deseo que el presente caso sea atendido en sus méritos.

Aun estando la "Moción Solicitando Reconsideración a Resolución Decretando el Archivo del Caso ante Incidente del 25 de junio de 2024 y en Solicitud de que se Señale Vista Evidenciaría en el Caso de Autos" ante la consideración del Tribunal de Primera

---

[3] A consecuencia de esto, el TPI citó al Lcdo. Pedro A. Roldós Matos, quien representó al Sr. Santana al momento de este hacer su alegación de culpabilidad. El Lcdo. Roldós Matos expresó en corte abierta que su presencia era resultado de su interés de aclarar la situación procesal del caso.

Instancia, el peticionario recurre ante esta Curia el 1 de agosto de 2024, mediante un recurso de *Certiorari,* y señala la comisión de los siguientes errores, a saber:

> *(1) Erró el TPI al no evaluar y reconocer que de su propio récord se desprende que esta Curia no realizó la advertencia contenida en el inciso (7) a la Regla 72, de las Reglas de Procedimiento Criminal de 1963, según enmendadas, la cual surge de la Ley Número 337 de 2 de septiembre de 2000, y que tal omisión no es remediable, ni excusable a través de la firma de un Acuerdo de Culpabilidad y constituye una violación al debido proceso de ley.*

> *(2) Erró el TPI al no conceder al Sr. Santana, a través de la abogada que suscribe el beneficio y medida de redundancia de haber girado una llamada telefónica al teléfono móvil o de la oficina para conocer las circunstancias que le pudieron haber impedido comparecer a la Vista señalada para el 25 de junio de 2024.*

**II.**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019). La jurisdicción se refiere al "poder o la autoridad de un tribunal para considerar y decidir casos o controversias". *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264, 273 (2022). Por consiguiente, los foros judiciales de Puerto Rico tienen autoridad para atender cualquier causa de acción, salvo que no tengan jurisdicción sobre la materia. *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 708 (2014).

La ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción;*

*(5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio.* Beltrán Cintrón et al v. ELA et al, 204 DPR 89, 101-102 (2020).

Si un tribunal carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, *supra*, a la pág. 660. La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enumera los criterios que dicho foro deberá considerar para poder decidir si atiende o no las controversias que le son planteadas. *Pueblo v. Ríos Nieves, supra,* a la pág. 274. La referida regla dispone que, al determinar si el recurso fue presentado en la etapa más oportuna para su consideración, el tribunal considerará los siguientes factores, a saber:

*(1) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. (2) Si la situación de hechos planteada es la más indicada para el análisis del problema. (3) Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia. (4) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados. (5) **Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración**. (6) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio. (7) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* (Énfasis nuestro).

A tenor, le corresponde al foro apelativo intermedio evaluar la decisión recurrida, así como la etapa del procedimiento en que es presentada, con el propósito de determinar si es la más apropiada para intervenir. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Así, este foro apelativo está impedido de atender recursos prematuros o tardíos, pues ambos adolecen del mismo defecto insubsanable: privar de jurisdicción al tribunal al

cual se recurre. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Un recurso es prematuro cuando se ha presentado con relación a una determinación que aún no ha sido finalmente resuelta. *Íd.* O sea, es aquel que se presenta en la secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. *Pueblo v. Ríos Nieves, supra,* a la pág. 274. En cambio, un recurso tardío es el que se presenta luego de transcurrido el término dispuesto para recurrir. *Yumac Home v. Empresas Massó, supra,* a la pág. 107. Ahora bien, las consecuencias de uno y otro son distintas. Un recurso desestimado por tardío priva fatalmente a la parte de presentarlo nuevamente. *Íd.* Sin embargo, un recurso desestimado por prematuro le permite a la parte volver a presentarlo cuando el foro apelado resuelva lo que tenía ante su consideración. *Íd.* En sintonía con lo anterior, el Tribunal de Apelaciones puede desestimar *motu proprio* un recurso por falta de jurisdicción.

### III.

En el caso de autos, la parte recurre ante este foro apelativo mientras una solicitud de reconsideración permanece ante la consideración del Tribunal de Primera Instancia. Así lo admite el propio Sr. Santana en su recurso.[4] Cónsono con el estado de derecho discutido en el acápite anterior, este Tribunal está vedado de atender casos cuyas determinaciones aún no han sido finalmente resueltas por el foro primario. Esto, debido a que, la presentación oportuna de una moción de reconsideración paraliza automáticamente el término concedido en ley para acudir ante un tribunal de mayor jerarquía, y dicho término comenzará a transcurrir una vez se adjudique la solicitud de reconsideración. Véase, Regla 194 de Procedimiento Criminal, 34 LPRA Ap. II, R. 194.

---

[4] Véase recurso de *Certiorari,* acápite titulado "Asunto(s) o Recurso(s) Pendiente(s) a la Fecha de Presentación de la Petición de *Certiorari*".

Siendo ello así, resolvemos que este Tribunal carece de jurisdicción para atender el caso en esta etapa de los procedimientos. Según el tracto procesal ya discutido, es evidente que el presente recurso es uno prematuro pues el TPI no ha emitido determinación alguna sobre la "Moción Solicitando Reconsideración a Resolución Decretando el Archivo del Caso ante Incidente del 25 de junio de 2024 y en Solicitud de que se Señale Vista Evidenciaría en el Caso de Autos" presentada el 3 de julio de 2024.

## IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el auto de *Certiorari,* por falta de jurisdicción por prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones